**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Steven Simon,<br><br>    Plaintiff,<br><br>vs.<br><br>The City of Phoenix, Arizona, et al.,<br><br>    Defendant. | No. CV-09-701-PHX-MHM<br><br>**ORDER** |

Currently pending before the Court is Defendants' the City of Phoenix, City of Phoenix Police Department, Officer Borquez, Officer Moore, Officer Musad, Officer Coudret, Officer Edwards, Officer Ippel, Officer Smoger, and Officer Burke (collectively referred to as the "City Defendants") Motion to Dismiss, (Dkt.#20), and Motion to Strike (Dkt.#44), Defendants' Maricopa Medical Center and Maricopa County Special Health Care District (collectively referred to as the "County Defendants") Motion to Dismiss, (Dkt.#23), Plaintiff John Steven Simon's Motions to Strike, (Dkt.##29,30,), Motions to Compel, (Dkt.##54,55,58), and Motion for Judgment on the Pleadings, (Dkt.#62). After reviewing the pleadings and determining oral argument unnecessary, the Court issues the following Order.

**I.    BACKGROUND**

According to Plaintiff's Complaint and the documents that Plaintiff has attached thereto,[1] on February 13, 2008, Plaintiff was in the parking lot of the Maricopa County Medical Center when he had an altercation with security guards. (DKt.# 1, p. 2). A call was made to the Phoenix Police Department by the security guards and a number of City of Phoenix police officers responded to the scene. Upon arrival, the officer allegedly did not disclose their identities or badge numbers. When the officers arrived, they asked Plaintiff to enter the hospital or leave the parking lot. (Exhibit B to Dkt.#1, ¶ 5). At first, he refused and abruptly tried to stand up, so Officer Coudret put his hand on Plaintiff's shoulder and told him to remain seated. (Id. ¶¶ 5-6.) He then disregarded the officers' verbal commands to remain seated on the curb while they determined whether he had any outstanding warrants, and tried to stand up abruptly again. (Id. ¶ 6; Exhibit C to Dkt.# 1, ¶ 5). When he attempted to stand up, additional officers put their hands on his shoulders to sit him back down. (Exhibit B to Dkt.#1, ¶ ; Exhibit C to Dkt.# 1, ¶ ). Plaintiff lost his balance and fell backward on his behind. (Exhibit B to Dkt.#1, ¶ 6; Exhibit C to Dkt.# 1, ¶ 5). According to Plaintiff, the officers pushed him to the ground, then tackled him and hit him with a weapon. (Dkt.# 1, pp. 3-4). Eventually, Plaintiff decided to leave the premises and the officers let him go. (Exhibit B to Dkt.#1, ¶ 7; Exhibit C to Dkt.# 1, ¶ 7).

On November 18, 2008, Plaintiff filed a Complaint in Maricopa County Superior Court against all of the City Defendants except the City of Phoenix, alleging a number of

---

[1] Attached as part of Plaintiff's Complaint are a series of documents, including the incident report generated by the City of Phoenix Police Department, the declarations of Officers Coudret and Borquez, and portions of the Professional Standards Bureau ("PSB") investigation completed by the City of Phoenix Police Department. (See Dkt.# 1, Exhibits A-D). Under Federal Rule of Civil Procedure 10(c), an exhibit attached to the pleading "is part of the pleading for all purposes," and may be considered on a motion to dismiss See Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). When an attached exhibit contradicts the allegations in the pleadings, the contents of the exhibits can trump the pleadings. See, e.g., Crenshaw v. Lister, 556 F.3d 1283, 2009 WL 279812 at *7 (11th Cir. 2009) (holding that "when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern") (quoting Griffin Industries, Inc. v. Irvin, 496 F.3d 1189, 1206 (11th Cir.2007)).

non-specific violations of his constitutional rights.. The City of Phoenix Police Department moved to dismiss the Complaint on the basis that it is a non-jural entity that cannot not be sued. The Defendant Officers moved to dismiss Plaintiff's Complaint on the basis that Plaintiff failed to file a notice of claim with them as required by A.R.S. § 12-821.01. The Court granted both motions and entered final judgment in the case. (See Ruling in Maricopa County Superior Court Cause No. CV 2008-052541, dated May 28, 2009, attached hereto as Exhibit A; Ruling in Maricopa County Superior Court Cause No. CV 2008-052541, dated June 17, 2009, attached hereto as Exhibit B). Plaintiff appealed that judgment to the Arizona Court of Appeals.

On April 6, 2009, Plaintiff filed his Complaint in this case. His Complaint names as defendants the City of Phoenix, the City of Phoenix Police Department, and Officers Borquez, Moore, Musad, Coudret, Edwards, Ippel, Smoger, Burke, and Kerely. He also names the Maricopa Medical Center and the Maricopa County Special Health Care District as Defendants. His Complaint purports to bring claims against all of the Defendants pursuant to 42 U.S.C. §§ 1981, 1983, and 1985. Although it is difficult to ascertain exactly what Plaintiff's claims are, his claim under 42 U.S.C. § 1983 appears to be for excessive force and equal protection. However, Plaintiff has not alleged the violation of any specific constitutional rights.

## II.  ANALYSIS

Both the City of Phoenix Police Department and the Maricopa County Medical Center have moved for dismissal on the grounds that they are non-jural entities. As this Court has previously indicated, the Arizona State Courts have not yet addressed the issue of whether police departments, sheriff's offices and entities with similar legal identities are non-jural under Arizona state law, and decisions issued by courts within the District of Arizona have been conflicting. See Auble v. Maricopa County, 2009 U.S. Dist. LEXIS 100457 (D. Ariz. Oct. 14, 2009); Payne v. Arpaio, 2009 U.S. Dist. LEXIS 110553, *12-16 (D. Ariz. Nov. 4, 2009). In this case, the City of Phoenix Police Department suggests that the City of Phoenix is the appropriate Defendant, while the Maricopa County Medical Center claims that the

1  Maricopa County Special Health Care District is the proper Defendant. Because both the City
2  of Phoenix and the Maricopa County Special Health Care District are already named
3  Defendants, without offering an opinion as to whether the City of Phoenix Police Department
4  and the Maricopa County Medical Center are non-jural entities, the Court will dismiss these
5  Parties from the lawsuit, as their presence is superfluous.

6  In general, to survive a motion to dismiss for failure to state a claim under
7  Fed.R.Civ.P. 12(b)(6), the plaintiff must allege facts sufficient "to raise a right to relief above
8  the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The
9  "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief
10 that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting
11 Twombly, 550 U.S. at 570). Compare Wyler Summit Partnership v. Turner Broad. Sys. Inc.,
12 135 F.3d 658, 661 (9th Cir. 1998) ("[A]ll well-pleaded allegations of material fact are taken
13 as true and construed in a light most favorable to the nonmoving party.") with Sprewell v.
14 Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001) ("[T]he court [is not] required to
15 accept as true allegations that are merely conclusory, unwarranted deductions of fact, or
16 unreasonable inferences."). "Threadbare recitals of the elements of a cause of action,
17 supported by mere conclusory statements, do not suffice." Iqbal, 129 S.Ct. at 1949;
18 Twombly, 550 U.S. at 555 ("[A] formulaic recitation of the elements of a cause of action will
19 not do.").

20 However, "[a] dismissal for failure to state a claim is appropriate only where it
21 appears, beyond doubt, that the plaintiff can prove no set of facts that would entitle it to
22 relief." Morley v. Walker, 175 F.3d 756, 759 (9th Cir. 1999). Also, in evaluating a motion
23 to dismiss, a district court need not limit itself to the allegations in the complaint; but may
24 take into account any "facts that are [] alleged on the face of the complaint [and] contained
25 in documents attached to the complaint." Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir.
26 2005).

27 With respect to Plaintiff's claims under 42 U.S.C. § 1981, that statute prohibits racial
28 discrimination by both private parties and state entities in the making and enforcement of

contracts. See Runyon v. McCrary, 427 U.S. 160, 168-171 (1976). This case has nothing do with contract formation or enforcement, much less racial discrimination. As such, Simon's § 1981 are improper and must be dismissed against all County and City Defendants. Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 555

With respect to Simon's claims under 42 U.S.C. § 1985, that statute requires a showing of "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." Carpenters Local 610 v. Scott, 463 U.S. 825, 828-29 (1983). Plaintiff has pled no facts to support allegations that he was subject to racial discrimination or a conspiracy. Therefore his § 1985 claims must be similarly dismissed against all County and City Defendants.

Turning to Simon's claims under 42 U.S.C. § 1983, as previously indicated, Simon has made claims against the City of Phoenix and the Maricopa County Special Health Care District. Both of these Parties are municipal defendants under Monell v. Dep't of Soc. Servs. of New York, 436 U.S. 658, 691-94 (1978). Municipal liability attaches where a plaintiff's alleged constitutional deprivation was the product of a policy or custom of the local government. See Fogel v. Collins, 531 F.3d 824, 834 (9th Cir. 2008). "For purposes of liability under Monell, a policy is a deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." Id. (quoting Fairley v. Luman, 281 F.3d 913, 918 (9th Cir. 2002) (per curiam) (internal quotations omitted)). There must also be a causal link between the policy, practice, or custom and the alleged constitutional violation at issue. Board of County Com'rs of Bryan County, Okl. v. Brown, 520 U.S. 397, 404 (1997). Because Plaintiff has not pled any facts that would support the existence of any type of policy, practice or custom on the part of the City of Phoenix or the Maricopa County Special Health Care District to violate his constitutional rights, all claims against these Defendants must be dismissed. As has been repeatedly stated, "[a] municipality cannot be held liable under a respondeat superior theory." Fogel v. Collins, 531 F.3d 824, 834 (9th Cir. 2008).

With respect to Plaintiff's claims against the individual police officers under 42 U.S.C. § 1983, Plaintiff did not specify what particular constitutional rights might have been violated by these individual Defendants. However, "[i]n civil cases where the plaintiff appears pro se, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). As such, the Court will construe Plaintiff's Complaint to state claims against the individual City of Phoenix police officers for violating Plaintiff's rights to equal protection under the 14th Amendment to the U.S. Constitution and his rights under the 4th Amendment to the U.S. Constitution relating to the excessive use of force.

With respect to Plaintiff's Fourth Amendment claim, Plaintiff's allegation that he was violently assaulted by individual City of Phoenix Police Officers, including being hit with a weapon, are belied by statements contained in exhibits that Plaintiff attached to his Complaint. See Amfac Mortg. Corp. v. Ariz. Mall of Tempe, Inc., 583 F.2d 426, 429 (9th Cir. 1978) (noting that when a plaintiff attached documents to the complaint, "[t]he court is not limited by the mere allegations contained in the complaint"). The declarations of Officers Brian Coudret and Peter Borquez state that the Officers only touched Plaintiff when he attempted to abruptly stand up after he was asked to sit on a curb in the Maricopa Medical Center parking lot while officers checked his criminal record. Both Officers state that the only contact they had with Plaintiff was grabbing his arms and shoulders while he attempted to stand up. Both Officers also note that Plaintiff lost his balance and fell backwards, but at no time was Plaintiff pushed to the ground. Both Officers also state that they had no additional physical contact with Plaintiff, and that he did not complain of any injuries. The declarations of the Officers are entirely inconsistent with Plaintiff's description of the encounter, which includes allegations that he was struck with a weapon, broke several ribs, and suffered "severe," "devastating," and "life-altering" injuries. As previously noted, facts that are contained in documents that have been attached by a plaintiff to his complaint are incorporated into the complaint. As such, the declarations of Officers Coudret and Borquez are treated as having come from Mr. Simon himself. Given the fact that these documents

contradict the allegations set forth in the Complaint, the Court must conclude that Plaintiff has failed to state a plausible claim for relief under the Fourth Amendment. The Court will therefore dismiss all Fourth Amendment claims against each of the individual City Defendants.

With respect to Plaintiff's equal protection claim, "[w]hen an equal protection claim is premised on unique treatment rather than on a classification, the Supreme Court has described it as a 'class of one' claim. N. Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008) (citing Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (per curiam)). "In order to claim a violation of equal protection in a class of one case, the plaintiff must establish that the City intentionally, and without rational basis, treated the plaintiff differently from others similarly situated." Id. (internal quotations omitted). The allegations contained in Plaintiff's Complaint and the exhibits attached thereto conclusively demonstrate that Plaintiff was not singled out by the individual Officers for harsh treatment relative to other guests at the Maricopa Medical Center. See Amfac Mortg. Corp., 583 F.2d at 429. On this point, the declarations of Officers Brian Coudret and Peter Borquez are in relative conformity with the factual allegations contained in the Complaint. All documents show that the City of Phoenix Police were responding to a high priority phone call from dispatch concerning a fight at the Maricopa Medical Center. All documents show that when the officers arrived at the scene, the Officers approached Plaintiff to investigate whether he was in the Medical Center parking lot to sleep in his vehicle or seek medical treatment. The facts as set forth by Plaintiff in his Complaint and supporting documents fail to state a claim that Plaintiff was single out by the Officers for unusually harsh treatment. As such, Plaintiff cannot state a viable claim relief under the equal protection clause using a "class of one" theory. See N. Pacifica LLC, 526 F.3d at 486. Plaintiff's equal protection claims must therefore also be dismissed against each Defendant.

In sum, none of Plaintiff's claims survive Defendants' Motions to Dismiss. Because Plaintiff chose to incorporate the declarations of Officers Coudret and Borquez into his Complaint, it would be futile for the Court to simply dismiss the Complaint without prejudice

to permit amendment. Plaintiff cannot allege any set of facts that would cure the deficiencies in his Complaint and still comply with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

**Accordingly,**

**IT IS HEREBY ORDERED** granting the City Defendants' Motion to Dismiss, (Dkt.#20).

**IT IS FURTHER ORDERED** granting the County Defendants' Motion to Dismiss, (Dkt.#23).

**IT IS FURTHER ORDERED** denying as moot all other pending Motions, (Dkt.##29,30 44,54,55,58,62).

**IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment accordingly.

DATED this 26th day of February, 2010.

Mary H. Murguia
United States District Judge